# In the United States Court of Federal Claims

No. 20-247

(Filed: April 30, 2020)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ELIZABETH PETERS**

             Plaintiff,

v.

**UNITED STATES,**

             Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Elizabeth Peters, *pro se*, Bloomington, Illinois.

Daniel Kenneth Greene, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is the United States' (the "government's") motion to dismiss the complaint filed by Ms. Elizabeth Peters. The complaint seeks relief for alleged malfeasance by a sitting federal judge and parties to a case in federal district court. The government seeks dismissal pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6. Because this court lacks subject-matter jurisdiction over Ms. Peters's complaint, the government's motion to dismiss is GRANTED.

## BACKGROUND

Ms. Peters filed her complaint in this court on March 3, 2020, *see* Compl., ECF No. 1, seeking review of a decision in a case she previously filed in the United States District Court for the Central District of Illinois. *See* Compl. at 2-4. The case to which she refers, *Peters v. Sloan*, No. 18-cv-1236, 2018 WL 5621854 (C.D. Ill. Oct 30, 2018), *aff'd*, 762 Fed. Appx. 344 (7th Cir.

2019), concerned the foreclosure of her home by its mortgagee, Wells Fargo. *See* Compl. at 4. In her complaint, Ms. Peters alleges that the judge presiding over the case did not "perform[] his duties impartially and diligently." Compl. at 2. She further alleges that "defendant[, Wells Fargo, is] liable for the misconduct of an unsigned mortgage contract, wrongful foreclosure, and destruction of personal property." Compl. at 5. As relief, Ms. Peters requests that this court order the "return of [her] home and property" as well as "$5.5M to recover the loss." Compl. at 5.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Ms. Peters, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

2

## ANALYSIS

The government argues in its motion that "even when viewed in the most deferential light possible, Ms. Peters's complaint is jurisdictionally defective." Def.'s Mot. at 3. In that respect, the court's rules require plaintiff to set forth in her complaint "a short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (quoting RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (per curiam). In her complaint, Ms. Peters cites, somewhat arbitrarily, various statutory and regulatory provisions, *see* Compl. at 1 (citing 12 U.S.C. § 1422; 41 U.S.C. § 6503; 12 C.F.R. § 37.2; and 43 C.F.R. § 423.25), but none of the cited laws and regulations provide a basis for this court's jurisdiction over her claims, nor are they money-mandating provisions.

In essence, Ms. Peters's complaint asks this court to review a ruling from the United States District Court for the Central District of Illinois. But "the Court of Federal Claims has no jurisdiction to review the merits of a decision by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). Moreover, insofar as Ms. Peters's claims focus against Wells Fargo, this court similarly lacks jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (With limited exceptions, none of which are applicable here, this court's "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the Untied States[,] the suit as to them must be ignored as beyond the jurisdiction of the court."). In sum, Ms. Peters has failed to allege any grounds for this court to exercise jurisdiction.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Ms. Peters's complaint is GRANTED. Ms. Peters's complaint shall be DISMISSED without prejudice. The clerk is directed to enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge